231 So.2d 543 (1970)
Bernard S. BORDMAN, Appellant,
v.
Sara Lee BORDMAN, Appellee.
Nos. 69-360, 69-361.
District Court of Appeal of Florida, Third District.
February 17, 1970.
Rehearing Denied March 10, 1970.
Fowler, White, Collins, Gillen, Hunkey & Trenam; Michael J. Cappucio and Richard Banick, Miami, for appellant.
Dubbin, Schiff, Berkman & Dubbin, Miami, for appellee.
Before CHARLES CARROLL, BARKDULL and SWANN, JJ.
CHARLES CARROLL, Judge.
This appeal was filed by the defendant (husband) from an order relating to child support entered in a divorce suit.
The parties were divorced by a decree of the circuit court of Dade County on December 22, 1964. Custody of their two children was awarded to the wife, with rights of visitation granted to the husband. The decree approved an agreement which the parties had entered into for property settlement, alimony and child support. The agreement provided for the husband to pay *544 alimony in the amount of $250 per month, and to pay $125 per month for support of each of the two children. The agreement disclosed that additional monies for the support of the children (in the amount of $166 per month for each) were being received from a trust created by the parents of the husband for that purpose, and the agreement of the parties provided that said monies should be used by the wife "solely for the benefit of said children."
It was recited in the agreement that the husband was serving a residency in a hospital in preparation for engaging in medical practice; that in order presently to meet the requirements of the agreement for alimony and support it was necessary for him to obtain "financial assistance," and it was provided therein that his ability "to render substantial support for the wife and their minor children" could not be determined until approximately one year after he had commenced private medical practice. Accordingly it was agreed that the support provisions set out in the agreement should prevail only until June 30, 1968, and that if the parties could not agree on support amounts to be paid after that date, the same should be determined by the court. Consistent with that provision, jurisdiction was reserved in the decree to make future orders relating to custody, support and as to the settlement agreement.
On November 12, 1968, the husband filed a motion alleging the parties were unable to agree on the amount to be paid by him for child support, and requested that the amounts thereof be determined by the court. The wife filed a response to the motion, reciting that she had remarried, terminating the husband's obligation to pay alimony, averring that the ages of the children then were 12 and 8 years, and reciting facts and circumstances from which she represented that the amount needed for support of the two children was $1,171.79 per month.
Following a hearing on the motion, the court entered an order on April 15, 1969, which is the subject of this appeal. In addition to provisions requiring the husband to pay for private schooling, summer camps and the medical and dental expenses of the children, the order directed the husband to make monthly payments to the wife for child support (from July 1, 1968, with certain adjustments as to amounts for the back months) in the sum of $387.50 per month for the support of each child. As to the monies which the wife was receiving monthly for the support of the children from the trust created by the husband's parents (which the order recited was $166 per month for each child less the income tax necessary to be paid thereon), the order directed that such monies be deposited by the wife in an interest bearing savings account in her name, to be so held "for use and benefit of the child in the event of the death of their father before the child reaches the age of twenty-one years, or for emergency purposes, if such arise."
The appellant contends the amounts which he is required by the challenged order to pay for the care, maintenance, support and education of the children are excessive. While the awards were generous, they amounted to less than the needs for support of the children as claimed by the wife, and the trial judge found that the financial status of the husband was sufficient to permit him to meet the requirements of the order.
Determination in a divorce suit of the amount or amounts to be paid by a father for the care, maintenance, support and education of his minor children is a matter resting largely in the discretion of the trial judge, upon giving due regard to the needs of the children in those respects, their age, station in life and the prior manner of living of the parents, as measured against the financial status and ability of the father to supply such needs. A party who challenges such a ruling has the burden of showing it represents an abuse of discretion. In our view no abuse of discretion has been demonstrated.
*545 The appellant's second contention is that the trial court erred in directing that the child support monies being received by the wife from the trust created for such purpose by his parents, should not be used or applied for the support of the children, but should be set apart and used for their benefit only in the event of his death or of some emergency situation.
We find merit in that contention. In fixing the amount to be paid monthly for the support of each child at $387.50, the trial court did not include as a part thereof the $166 per month which was being supplied for support of each child from the trust, since the latter monies were ordered to be set aside and held pending contingencies which might not occur during the minority of the children. The appellant argues that direction in the order under which the monies received monthly from the trust would be set aside and not used in the support of the children, is a disposition thereof contrary to the purpose for which it was and is being supplied each month by the trustors; and that thereby appellant is required to pay more than necessary in that the order does not give effect to the circumstance that $166 is available toward the amount necessary for monthly support of each child. The appellee wife argues that the trust receipts should be disregarded, and that the husband should receive no benefit from the circumstance that such trust proceeds are being made available monthly for support of the children, because the trustors could terminate the payments at any time they should so choose. In answer to that argument the appellant points out that the trust payments are still being made, and if and when they are terminated he could then be required to replace them, as may be necessary to make up the amount which the trial court has determined should be paid each month for support of the children. As pointed out in the trial court's order, it would appear that the trust monies so received may be subject to payment of income tax thereon.
Accordingly, we reverse the provision of the order which excluded the trust proceeds from monthly support and directed that the same be set aside pending the happening of certain contingencies. Upon remand of the cause, an order should be entered reducing the monthly payments of the husband for child support (including those relating back to July 1, 1968) by the net amount, over the estimated income tax payable thereon, of the monies received monthly from the trust for the care and support of the children, so long as such trust payments continue.
Affirmed in part, and reversed in part and remanded.