411 So.2d 325 (1982)
Diane PEAK, Appellant,
v.
Ewell A. PEAK, Appellee.
No. 81-603.
District Court of Appeal of Florida, Fifth District.
March 24, 1982.
*326 J. Cheney Mason, Orlando, for appellant.
R. David Ayers, Jr., Winter Park, for appellee.
ORFINGER, Judge.
In the final judgment dissolving the marriage between the parties, the trial court denied the wife any periodic rehabilitative or permanent alimony (although reserving jurisdiction to make such award in the future), awarded her the husband's equity in the marital residence as lump sum alimony, gave her custody of the two minor children of the marriage and $25.00 per week per *327 child for support, and denied her request for attorney's fees. The wife appeals, contending that she was entitled to periodic alimony, either permanent or rehabilitative, that she is entitled to more child support and to her attorney's fees. We reverse for the reasons set forth.
The marriage of more than ten years produced two minor children, one nine years old and the other nineteen months. The wife had an eighth grade education and was unable to read or write. She had held some menial jobs for brief periods at minimum wage, but was unemployed at the time of the dissolution proceeding and had been unsuccessful in finding employment. She did testify that she was capable of working if she could find something to do, although she had some medical problems. The husband was regularly employed in the fruit business, and had earned in excess of $20,000 during 1980. The trial court found this to be an exceptional year, and found that the husband's net earnings, after all deductions would not be more than $252.00 per week.
The jointly owned marital residence had an equity of about $10,000. The court awarded the wife the husband's equity in the house as lump sum alimony, and announced that because of this he was awarding only $50.00 per week as child support, although the usual guidelines which he followed would normally have produced a larger award.
Appellant first contends that she was entitled to an award of either rehabilitative or permanent periodic alimony. The trial court has broad discretion to use various available remedies to do equity between the parties to a dissolution proceeding. The remedies which may be used to accomplish this purpose include lump sum alimony, permanent periodic alimony, rehabilitative alimony, child support, special equity in property and the award of exclusive possession of property. Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980). These remedies are interrelated and must be reviewed by an appellate court as a part of an overall scheme. When a trial judge fails to apply the proper legal rule, his action is erroneous as a matter of law. However, where a decision is within the judicial discretion of the trial judge, as in determining the amount of alimony or child support, the standard for appellate review is abuse of discretion. If reasonable men could differ as to the propriety of the action taken by the trial court, then it cannot be said that the trial court abused its discretion. However, the trial court's discretion is subject to the test of reasonableness and there must be logic and justification for the result. Canakaris, 382 So.2d at 1203.
It appears here that the trial court considered that there might be a demonstrable need for some form of periodic alimony because it reserved jurisdiction to award alimony should the wife be unable to find employment which she was seeking and which she felt she was capable of securing. Applying the "abuse of discretion" test, we would hesitate to reverse the judgment were this the only issue on appeal.
Child support, though, is quite another matter here. The trial court may order either or both parties to a dissolution proceeding to pay child support in an amount which is equitable in light of the circumstances of each party and the nature of the case. § 61.13(1), Fla. Stat. (1979). The most dominant and directly related factor to be considered in determining the amount of child support to be paid by the non-custodial parent is the income of that parent. Thompson v. Thompson, 402 So.2d 1220 (Fla. 5th DCA 1981). Determination of the amount of child support rests primarily in the discretion of the trial judge considering factors such as needs of the children, their age, their station in life, and prior standard of living of the parents, relative to the financial status and ability of the non-custodial parent to meet such needs. Bordman v. Bordman, 231 So.2d 543 (Fla. 3d DCA 1970). The ability of the custodial spouse to provide for the needs of the children should also be taken into account. Burnett v. Burnett, 197 So.2d 854 (Fla. 1st DCA 1967).
*328 Until she becomes income producing, the wife's total income from all sources is the amount of child support awarded by the court of $50.00 per week. Based on the trial court's findings, the husband's net income is in excess of $250 per week before child support payments. The wife is now required to make the mortgage payments of $210.00 monthly on the marital home awarded to her, approximately the monthly equivalent of the entire child support award. Obviously the support needs of the children are not met, and just as obviously, the father is in a position to do more. The trial court's observation that he would have followed his usual guidelines, resulting in a greater support award but for the award to the wife of the husband's equity in the marital home, is difficult to follow, since this lump sum alimony award is not available to support the children unless the wife sells the house. We find an abuse of the trial court's discretion in awarding an obviously insufficient amount of child support where, as here, the greater need is demonstrated and the paying parent has the ability to provide an amount more closely related to the needs of the children.
Appellant contends also that the trial court erred in not awarding her attorney's fees. Where the parties to a dissolution proceeding are equally able to pay attorney's fees, it is an abuse of the court's discretion to require one spouse to pay the other's attorney's fees. Cummings v. Cummings, 330 So.2d 134 (Fla. 1976). However, the purpose of section 61.16, Fla. Stat. (1979), permitting the trial court to award attorney's fees in a dissolution proceeding, is to insure that both parties will have the same opportunity to secure counsel. Patterson v. Patterson, 399 So.2d 73 (Fla. 5th DCA 1981). Where one spouse has a superior financial ability to secure counsel, it is not necessary that the other spouse be completely unable to pay attorney's fees. Canakaris, 382 So.2d at 1205. In the instant case, it seems clear that appellant is not at all on an equal footing with appellee in terms of her ability to pay her attorney. In fact, the record is clear that she is completely unable to pay counsel without assistance from the husband. Thus the trial court erred in denying her request for attorney fees.
We cannot set aside the child support award without also setting aside the provisions of the final judgment dealing with alimony, because they are all interrelated. The trial court should be free to consider all available remedies in order to do equity between the parties. We therefore reverse the final judgment in all respects except as to the dissolution of the marriage and except for the award of child custody. The cause is remanded to the trial court for further consideration in a manner consistent with this opinion.
REVERSED and REMANDED.
SHARP, J., concurs.
COWART, J., dissents with opinion.
COWART, Judge, dissenting:
The trial judge awarded $50 per week child support, rather than $66.75, the amount provided by the child support guideline of another experienced domestic relations trial judge, or $75.60, the amount provided by this trial judge's own usual guideline for setting the amount of child support. In addition, the father was required to maintain health insurance on the children as an element of support. In effect, this award is being reversed because the trial judge deviated from and did not blindly follow or strictly adhere to either formula.
In the absence of standards based on explicit objective factors to be uniformly weighed from case to case, the trial judge can make only a subjective decision as to a proper amount of child support and appellate courts can but subjectively react to the trial court's result. The words "reasonableness" and "abuse of discretion" are totally insufficient to state a standard. Without a rule of law in the form of a guideline or formula, neither the original fixing nor appellate review can be made with that equality of treatment under a rule of law to which all citizens are entitled under our *329 form of government. The bench and bar and public need, and are entitled to, a delineation of the factors which will not only produce reasonably uniform results on similar facts but which will also produce a narrow normal or medium range of child support that would be presumptively "reasonable" and subject to reversal only for an unarticulated and unjustified deviation.[1] Until there is a recognition of the need and value of more definiteness and uniformity in this area and approval of such a guideline as a visible, practical rule of law, I cannot conscientiously reverse trial judge's decisions which are based on many, varying unknown factors weighed in different and unknown ways. Until then, I would liberally apply the Canakaris rule of reasonableness: "If reasonable men could differ as to the propriety of the action taken by the trial court, then the action is not unreasonable and there can be no finding of an abuse of discretion." Canakaris v. Canakaris, 382 So.2d 1197, 1203 (Fla. 1980).
In this case the trial court denied a present award of alimony because it found the wife able to work. The majority finds the child support insufficient in amount because, if the wife does not work, she will be required to make her monthly mortgage payments of $210 by using all of the child support award and there will not be child support money left over for the children's other needs and, besides, "the father is in a position to do more." Under this reasoning the ex-wife can continue to not work and to use the child support payments to pay her own needs and she will need more child support until both her needs and the children's needs are provided for in full by the appellant. If this reasoning prevails, a trial court cannot effectively award child support without also allowing alimony because of this condoning of the wife's use for her own needs of the support required to be provided by the father for his children. The trial court made it clear that he gave the wife the husband's equity in the house, "... a measure it would not ordinarily have done," not because of her need or any special equity or any other entitlement to it, but because "the parties had a stormy relationship and needed to be separated as much as possible." The trial court reasoned and stated that if it had not given the husband's interest in the home to the wife, she
would have gotten the use of the house during the minority of the children and the husband's portion of shelter in this house would have been considered child support. [But b]ecause the parties needed to be cleanly divided the court, therefore, took the portion of the shelter that the husband would have been providing and gave it to the wife as the lump sum alimony and equitably reduced the amount somewhat of the child support the husband would have to pay, bearing in mind that times are going to be tough in the citrus labor business.
I take this explanation to mean that the judge's guideline amount for child support included a factor for shelter but that, since the trial judge had given the husband's interest in the family shelter to the wife and thereby deprived the father of an opportunity to reduce the amount of his monetary child support payments by providing the shelter factor in kind, the judge felt that it was only fair in this case to give the father the same equitable reduction in the guideline monetary child support payment equal, in his opinion, to the shelter factor in the guideline. This thinking is not unreasonable. Also, this court does not know if the trial judge's guideline contained a factor for medical expense to cover the child's sicknesses and accidents or to what extent that expense, here required to be provided by insurance, justified a reduction of the guideline amount.
The amount of child support awarded here for two children is below my impression of normalcy, as based on the concept of awarding a dependent child support equal to a fair share of its parent's disposable *330 income, and the father's indicated net income in this case; that does not mean this trial court's determination is unreasonable as a matter of law, as apparently the majority holds.
I do agree that if the trial judge is to be reversed for setting an amount of child support that the award of lump sum alimony should likewise be reversed.[2]
NOTES
[1] Such a guide is set out on page 4 of Vol. IV, No. 3, of the May 1979 issue of the Newsletter of Family Law Section of The Florida Bar.
[2] On remand, the trial judge may conclude that, with the constraint of this opinion, it will be better not to give the appellant ex-wife the lump sum alimony award of the husband's half interest in the home, but to let the father maintain his one-half ownership interest in the home and provide it to the children as child support by way of shelter in kind and then expressly use that fact to justify a reduction from usual guideline monetary amount of child support, which includes a factor for the children's shelter. Then the husband, not the wife, would be required to pay the note, mortgage, taxes and insurance attributable to his one-half interest in the home and that half interest would be preserved to the husband as an investment. Under those circumstances, the wife clearly would not be entitled to use any of the monetary portion of the child support to pay her one-half of the mortgage payment which represents her own shelter and ownership expense.