421 So.2d 544 (1982)
Carole M. HUGHES, Appellant,
v.
Robert W. HUGHES, Appellee.
No. 81-1482.
District Court of Appeal of Florida, Fifth District.
September 8, 1982.
Rehearing Denied November 9, 1982.
Donna Wilhelm-Hudson, Oviedo, and Marcia K. Lippincott, Orlando, for appellant.
Charlene D. Kelley, of Baldwin & Dikeou, Fern Park, for appellee.
PER CURIAM.
AFFIRMED.
FRANK D. UPCHURCH, Jr., J., affirms.
COWART, J., concurs specially with opinion.
SHARP, J., dissents with opinion.
COWART, Judge, concurring specially:
I concur with an affirmance in this case for the reason stated in the dissent in Peak v. Peak, 411 So.2d 325 (Fla. 5th DCA 1982), which was that until appellate courts act to provide a much needed guideline for setting child support, the rule of reasonableness stated in Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980), should be liberally applied to uphold trial court awards of child support. Peak and this case illustrate the point of the dissent in Peak. Peak had a net weekly income of about $250, the trial judge awarded total child support of $50 per week, or 20% of the non-custodial parent's net income, for two children and the appellate court in Peak reversed that award as being inadequate. Here, Hughes nets weekly about $540, the trial judge awarded total child support of $108.14 per week, or 20% of the non-custodial parent's net income, for three children and the appellate court affirms. If children are entitled to a standard of living in keeping with their parents' disposable income, their fair share should be expressed as a percent of such income. Within certain outer limits, a fair share for one child is about 20% of the parents' spendable income; for two children in the same household about 32%; and for three children in the same household about 40%. However, until a clear standard is adopted, each trial judge must necessarily award child support by subjectively selecting the factors he thinks relevant and giving each factor the weight that he believes it deserves. This necessarily involves trial court conclusions based on inductive reasoning with resulting wide disparity and inconsistency on review by appellate judges who subjectively react to the trial court award according to their own particular experience, knowledge and notions, varying with each appellate court panel. On the other hand, equal application of the law can and will result only from the greater precision involved in reviewing trial court adherence to a definite standard or guideline, based on specific, uniformily weighed, objective criteria (relevant factors). This guideline can then act as an authoritarian major premise *545 (a rule of law) directing, within narrow limits, more consistent conclusions.
SHARP, Judge, dissenting.
I dissent in this case for the reasons stated in the majority opinion in Peak v. Peak, 411 So.2d 325 (Fla. 5th DCA 1982). Here, as in Peak, the sufficiency of the child support award was the primary issue on appeal. In this case, the trial court determined the appellant/wife had shown a change of circumstances in that the needs of the three minor children had substantially increased since the original dissolution seven years earlier. Moreover, the appellee/husband's ability to pay additional child support had also increased. The record showed he presently earns a yearly salary of forty-one thousand five hundred forty-five dollars ($41,545) in comparison with his salary of eighteen thousand dollars ($18,000) at the time of the dissolution.
The parties both agreed at oral argument, that if this court does not consider any of the appellee's additional, voluntary payments he claims to make for his three children, the five hundred nineteen dollars ($519) per month that the appellee must pay under the appealed, modified judgment,[1] is substantially below the support guidelines for dissolution cases worked out on an informal basis for Seminole, Brevard, Osceola and Orange Counties.[2]
In this case, as in Peak, the trial judge did not make any findings to justify his low child support award, and in examining this record, I am unable to find any basis for it. The appellant/wife is working full-time as a teacher, earning an annual salary of fifteen thousand six hundred eighty-seven dollars and eighty-eight cents ($15,687.88). But her expenses of running her household and educating the three children result in a monthly deficit of eight hundred dollars ($800). She has not remarried and she is presently unable to adequately maintain her home, purchase new furnishings, pay the children's tuition, and purchase adequate clothing for the three children.
Appellant's financial situation is made more difficult because the three children are attending St. Lukes, a private day school, which they have attended since their pre-school days. Appellee has never objected to this arrangement, and it has become a basic part of the family's lifestyle. Neither the fact that the wife is earning fifteen thousand dollars ($15,000) a year, nor that the children are attending a private school appear to me to be a sufficient basis to reduce appellee's child support obligation below the average or expected norm. I would increase the amount of total child support awarded to at least seven hundred dollars ($700), the smallest amount due under any of the guidelines, (exclusive of the fifty-four dollar ($54) insurance obligation). This constitutes a figure close to appellant's eight hundred dollar ($800) monthly deficit shown on her financial affidavit, which apparently was not substantially controverted.
NOTES
[1] The trial court's modified judgment requires the appellee to pay one hundred fifty-five dollars ($155) per month per child. Added to this is fifty-four dollars ($54) per month for insurance premiums. Thus, $155 X 3 children + $54 monthly insurance premiums = $519 per month.
[2] Assuming appellee's gross wages are $42,000 per year, and $766.73 per week, his net weekly income (the gross less income tax and social security liability prorated on a weekly basis) would be $518.84, for purposes of applying the Orange County guidelines (which are also used in Osceola County and by some judges in Seminole County). That guideline sets 40% of net income for three or more dependents. As applied to this case, appellee should be paying $207.54 per week for the three children, or $941.93 monthly.

The guidelines in use for the Eighteenth Judicial Circuit are more complicated to apply. If the insurance premiums are not subtracted from appellee's gross weekly income, in arriving at his net income (it is not clear in this case whether they should be), the child support payment due would result in $941.93 per month, the same as the Orange County guidelines. However, if the insurance premiums are initially subtracted, the appellee's monthly child support payments would be $937.65, exclusive of the insurance payments. This payment may be reduced up to 25% if the non-custodial parent directly provides one-half or more of the cost of housing the children. Giving appellee the maximum credence under this reduction, his minimum payment would be approximately $706.50.