435 So.2d 287 (1983)
Joseph A. MENENDEZ, Appellant,
v.
Bonnie MENENDEZ, Appellee.
No. 82-1491.
District Court of Appeal of Florida, Fifth District.
June 23, 1983.
Rehearings Denied July 29, 1983.
*288 Clayton D. Simmons of Stenstrom, McIntosh, Julian, Colbert & Whigham, P.A., Sanford, for appellant.
Louis Ossinsky, Jr., of Ossinsky, Krol & Hess, Daytona Beach, for appellee.
COBB, Judge.
The former husband appeals from the Final Judgment dissolving the parties' nine-year marriage. He challenges the lower court's determinations of child custody, lump sum alimony, child support and attorney's fees. Only his contention regarding the propriety of the child support award has merit and requires reversal of the final judgment in part.
First, the former husband asserts the lower court committed error by not considering shared parental responsibility as provided by section 61.13(2)(b)2, Florida Statutes (1982 Supp.).[1] However, in the proceedings below, the former husband did not request the court to determine child custody under the newly-amended statute. Instead, he expressly agreed that the wife could have custody. He cannot now claim as error that which he induced below. Schwab v. Tolley, 345 So.2d 747 (Fla. 4th DCA 1977).
Second, the former husband maintains the lower court erred by awarding his one-half interest in a mortgage to the former wife. It should be noted that the court did not award either permanent periodic or rehabilitative alimony to her. Moreover, the lump sum alimony award reflects an equitable distribution and, accordingly, is affirmed.
Third, the former husband argues the lower court abused its discretion by ordering him to pay $130 per week support for the one minor child of the marriage. Acknowledging that a trial court has discretion in awarding child support, we also understand that the rule of reasonableness in Canakaris v. Canakaris, 382 So.2d 1197 (Fla. *289 1980), implies that a trial court must use some method in determining the award. See Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980), wherein the court stated:
The trial court's discretionary power is subject only to the test of reasonableness, but that test requires a determination of whether there is logic and justification for the result. The trial court's discretionary power was never intended to be exercised in accordance with whim or caprice of the judge nor in an inconsistent manner. Judges dealing with cases essentially alike should reach the same result. Different results reached from substantially the same facts comport with neither logic nor reasonableness.
382 So.2d at 1203.
In Peak v. Peak, 411 So.2d 325 (Fla. 5th DCA 1982), we articulated the factors relevant to a determination of child support:
The trial court may order either or both parties to a dissolution proceeding to pay child support in an amount which is equitable in light of the circumstances of each party and the nature of the case. § 61.13(1), Fla. Stat. (1979). The most dominant and directly related factor to be considered in determining the amount of child support to be paid by the non-custodial parent is the income of that parent. Thompson v. Thompson, 402 So.2d 1220 (Fla. 5th DCA 1981). Determination of the child support rests primarily in the discretion of the trial judge considering factors such as needs of the children, their ages, their station in life and prior standard of living of the parents relative to the financial status and ability of the non-custodial parent to meet such needs. Bordman v. Bordman, 231 So.2d 543 (Fla. 3d DCA 1970). The ability of the custodial spouse to provide for the needs of the children should also be taken into account. Burnett v. Burnett, 197 So.2d 854 (Fla. 1st DCA 1967).
Peak, 411 So.2d at 327.
In this case, the $130-per-week child support payment amounts to approximately 40% of the former husband's net weekly income. The record reflects that the former wife is presently unable to financially support the child. Finally, the record contains no evidence of the child's need for 40% of the former husband's income, or that during the marriage the former husband allocated 40% of his income to the child. The problem in this case appears to be that at this point in the former wife's life she is not earning enough to meet her own needs. Considering the combined needs of the wife and the child, the $130 weekly payment is not unreasonable. However, the lower court's award of that amount was for child support alone and was made without consideration of the factors relevant to an award of child support as outlined in Peak v. Peak. Therefore, the award is an abuse of discretion. See also Judge Cowart's concurring opinion in Hughes v. Hughes, 421 So.2d 544 (Fla. 5th DCA 1982), wherein he states:
Within certain outer limits, a fair share for one child is about 20% of a parent's spendable income; for two children in the same household about 32%; and for three children in the same household about 40%.
Hughes, 421 So.2d at 544.
Finally, the former husband contends the award of attorney's fees to his former wife is erroneous because the lower court made the award without expert testimony regarding the fees. He has waived this objection by having stipulated below to the court determining the award without the necessity of expert testimony.
Accordingly, the Final Judgment of Dissolution is affirmed, with the exception of the amount awarded for child support. We reverse and remand for reconsideration of the child support award, using as a guideline the factors set out in Peak v. Peak and Judge Cowart's concurring opinion in Hughes v. Hughes.
AFFIRMED in part; REVERSED in part; and REMANDED with directions.
FRANK D. UPCHURCH, Jr., and COWART, JJ., concur.
NOTES
[1] Through Chapter 82-96, the legislature in many respects amended section 61.13, effective July 1, 1982. Pertinent to this appeal is the amendment to the statute, which provides:

The court shall order that the parental responsibility for a minor child be shared by both parents unless the court finds that shared parental responsibility would be detrimental to the child. If the court determines that shared parental responsibility would be detrimental to the child, the court may order sole parental responsibility. § 61.13(2)(b)2. Chapter 82-96, section 3, states that the "provisions of this act shall be applicable to all proceedings under Chapter 61, Florida Statutes, that are pending on the effective date of this act."
This action was pending on the effective date of the act, July 1, 1982, as the court had not yet rendered a final judgment on that date. Bonis v. Bonis, 420 So.2d 104, 107 (Fla. 3d DCA 1982).