433 So.2d 680 (1983)
Ronald E. AYCOCK, Appellant,
v.
Marion M. AYCOCK, Appellee.
No. 82-1393.
District Court of Appeal of Florida, Fifth District.
June 30, 1983.
Spencer C. Cross, Ocoee, for appellant.
Michael E. Hamlin, Winter Park, for appellee.
COBB, Judge.
In this case, a 23-month marriage was dissolved, and the trial court granted to the wife custody of the parties' one-year-old daughter, $550 per month child support, $175 per month rehabilitative alimony for a period of eighteen months,[1] and a total of $2,300 in attorney's fees.
*681 We affirm the awards to the wife in all respects, including the assessment of attorney's fees, except for the amount awarded for child support. The evidence is clear and essentially undisputed that the child support award constitutes 40% of the husband's net income. We find that the trial judge abused his discretion in granting such an excessive amount.
A determination of the amount of child support is a matter of trial court discretion. However, that discretion is subject to the test of reasonableness, a test that requires a determination of whether there is logic and justification for the result. Canakaris v. Canakaris, 382 So.2d 1197, 1203 (Fla. 1980).
This court, in Peak v. Peak, 411 So.2d 325 (Fla. 5th DCA 1982), cited the following factors to be used in determining an appropriate amount:
The most dominant and directly related factor to be considered in determining the amount of child support to be paid by the non-custodial parent is the income of that parent. Thompson v. Thompson, 402 So.2d 1220 (Fla. 5th DCA 1981). Determination of the amount of child support rests primarily in the discretion of the trial judge considering factors such as needs of the children, their age, their station in life, and prior standard of living of the parents, relative to the financial status and ability of the non-custodial parent to meet such needs. Bordman v. Bordman, 231 So.2d 543 (Fla. 3d DCA 1970). The ability of the custodial parent to provide for the needs of the children should also be taken into account. Burnett v. Burnett, 197 So.2d 854 (Fla. 1st DCA 1967).
411 So.2d at 327.
In the instant case, there is no evidence in the record of a need for $550.00 per month in support for the one-year-old child. Without evidence upon which to base the award given here, the reasonableness test is not met. Therefore, the trial judge abused his discretion. See also Judge Cowart's concurring opinion in Hughes v. Hughes, 421 So.2d 544 (Fla. 5th DCA 1982), wherein he states:
Within certain outer limits, a fair share for one child is about 20% of a parent's spendable income; for two children in the same household about 32%; and for three children in the household about 40%.
421 So.2d at 544.
The Final Judgment of Dissolution is affirmed in all respects, with the exception of the award of child support. We reverse and remand for reconsideration of the child support award, in accordance with this opinion and the factors set out in Peak. See also: Menendez v. Menendez, 435 So.2d 287 (Fla. 5th DCA 1983).
AFFIRMED in part; REVERSED in part; and REMANDED with instructions.
FRANK D. UPCHURCH, Jr. and COWART, JJ., concur.
NOTES
[1] The wife has an A.A. degree and is currently enrolled in a junior college working towards a degree in secretarial science, which she testified at the hearing would take about 18 months to complete.