472 So.2d 873 (1985)
William A. BROWN, Appellant,
v.
Frances E. BROWN, Appellee.
No. 84-916.
District Court of Appeal of Florida, Second District.
July 17, 1985.
*874 Robert S. Hobbs of Harry M. Hobbs, P.A., Tampa, for appellant.
Edward E. Fessenden, Jr., Tampa, for appellee.
DANAHY, Judge.
The husband appeals from an order modifying a final judgment in a marriage dissolution case. The principal issue involves increases in child support and alimony.
Since the entry of the original alimony award in 1970 and the last child support award in 1977, a change in the circumstances of both parties has occurred. The parties disagree, however, on whether the change is sufficient to merit increases in alimony and child support which were based on the stipulation of the parties and ratified by court order and, if so, the extent of such modification.
The trial court has authority to modify alimony and child support obligations regardless of any agreement between the parties so long as (a) the agreement is not a "true" property settlement agreement; (b) the modification is requested; (c) the modification is supported by substantial, competent evidence, evidence which establishes a substantial change in the circumstances of one or both parties which was not contemplated in the final judgment; and (d) the party seeking modification meets a heavier burden of proof than otherwise would be required. See § 61.14, Fla. Stat.(1983); Webber v. Webber, 156 Fla. 396, 23 So.2d 388 (1945); Lacy v. Lacy, 413 So.2d 472 (Fla. 2d DCA 1982); Andrews v. Andrews, 409 So.2d 1135 (Fla. 2d DCA 1982); Brisco v. Brisco, 355 So.2d 506 (Fla. 2d DCA 1978).
In the case before us, the wife requested increases in child support and alimony. She established by substantial, competent evidence that the circumstances had significantly and sufficiently changed to justify modification. Suffice it to say *875 that the trial judge found, and the record affirms, that (a) the husband's income alone was more than three times greater than it was when the parties were granted the dissolution; (b) the husband has substantial pension, retirement, insurance and other company fringe benefits in addition to a savings account and company stock  the wife has none of these; (c) the wife had obtained a job which provided her a modest living but was unable to make up a substantial monthly deficit in her modest living expenses and "go it alone"  she was presently living in a rodent-infested and badly deteriorating home, and was presently living well below both the modest yet comfortable standard of living she enjoyed during the marriage and the husband's present very comfortable standard of living; and (d) the needs of the child still living with the wife have increased, increases caused by the child's reaching adolescence and her need to continue attending private school.
Accordingly, while it is arguable that the trial judge's award approaches the outer limits of permissible generosity, there is logic and justification for the result. Reasonable men can certainly disagree with the opinion of the trial court in the amounts awarded in the modification order. Under these circumstances we cannot, and do not, find an abuse of discretion. Therefore we must affirm. Marcoux v. Marcoux, 464 So.2d 542 (Fla. 1985); Vandergriff v. Vandergriff, 456 So.2d 464 (Fla. 1984); Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980); DeCenzo v. DeCenzo, 433 So.2d 1316 (Fla. 3d DCA 1983); Wolfe v. Wolfe, 424 So.2d 32 (Fla. 4th DCA 1982); Petersen v. Petersen, 392 So.2d 298 (Fla. 4th DCA 1980); Johnson v. Johnson, 386 So.2d 14 (Fla. 5th DCA), petition for review denied, 392 So.2d 1375 (Fla. 1980); Schottenstein v. Schottenstein, 384 So.2d 933 (Fla. 3d DCA 1980).
Finally, we note that the increased alimony award is to be reduced after thirty months. While we generally disapprove awards that automatically reduce alimony awards in the future, see, e.g., Hu v. Hu, 432 So.2d 1389 (Fla. 2d DCA 1983), we find that such a reduction is justified in this case where the record indicates a remedial condition which, when achieved, will result in a correspondingly certain reduction in the wife's needs. See Geiger v. Geiger, 437 So.2d 735 (Fla. 5th DCA 1983), and cases cited therein.
AFFIRMED.
OTT, A.C.J., concurs.
FOGLE, HARRY W., Associate Judge, dissents.