312 So.2d 461 (1975)
Alan C. KINSEY, Appellant,
v.
Alton C. KELLY et al., Appellees.
No. V-320.
District Court of Appeal of Florida, First District.
April 15, 1975.
Rehearing Denied June 4, 1975.
*462 James R. McAtee, Pensacola, for appellant.
Robert P. Gaines, of Beggs, Lane, Daniel, Gaines & Davis, Pensacola, for appellees.
McCORD, Judge.
This is an appeal from a final judgment in favor of appellees (defendants below) following a jury verdict in appellees' favor in a negligence action.
The undisputed evidence shows that appellee, Sandra Kelly, pulled up to an intersection in her automobile and stopped at the red light before making a left turn. There was an automobile across the intersection headed south. When the light turned green, appellee moved to the center of the intersection and stopped again, waiting for the southbound automobile to pass. Unseen by appellee, appellant was approaching the intersection on his motorcycle from the north at a moderate rate of speed (35 m.p.h.) on a clear day with good visibility. Appellant saw appellee stop for the left turn; he thought she saw him, and he proceeded on his way through the intersection when she moved forward into his path. He applied his brakes, skidded and struck the right corner of the rear bumper of the automobile.
The case was tried on comparative negligence. By its verdict for appellee, the jury necessarily considered that she was without negligence which was a legal cause of the accident, and that appellant's negligence was 100%.
While the trial and appellate courts are not authorized to substitute their judgment for that of the jury on disputed questions of fact, a new trial should be granted when the verdict is against the manifest weight of the evidence. Here, the record clearly shows at least some degree of negligence on the part of appellee. We, therefore, find that this verdict was against the manifest weight of the evidence and that the trial judge abused his discretion in denying appellant's motion for a new trial.
Reversed and remanded for a new trial.
RAWLS, C.J., concurs, and BOYER, J., concurring specially.
BOYER, Judge (specially concurring).
Lest it should be urged that we have overlooked Thompson v. Jacobs et al., Fla. App. 1st 1975, ___ So.2d ___, opinion *463 filed March 20, 1975, or that our holding here is contrary to our holding there, I think it pertinent to here recite that the record in the case sub judice clearly reveals factual distinctions which render our holdings in Thompson v. Jacobs to be here inapplicable. I accordingly concur.