346 So.2d 1211 (1977)
Guillermo DIAZ, Appellant,
v.
CERTIFIED MARINE INDUSTRIES, INC., a Corporation Licensed to Do Business in the State of Florida and Terry Lee Venable, Appellees.
No. 76-444.
District Court of Appeal of Florida, Third District.
May 17, 1977.
Rehearing Denied June 20, 1977.
Grover, Ciment, Weinstein & Stauber, Miami Beach, for appellant.
Dixon, Dixon, Lane, Mitchell & Harris and Edward R. Nicklaus, Miami, for appellees.
Before PEARSON and NATHAN, JJ., and CHARLES CARROLL (Ret.), Associate Judge.
PER CURIAM.
The appellant Guillermo Diaz, who was the plaintiff below, appeals from the judgment entered on a jury verdict rendered in favor of the appellee-defendants, in an action for damages for personal injuries.
The accident in which the plaintiff was injured was a collision between a truck, which the plaintiff was driving, and a truck being driven by the defendant Terry Lee Venable and owned by the defendant Certified Marine Industries, Inc.
The collision occurred in Dade County, on U.S. 27, a two-lane highway, in daylight, at a point on a straight section of the highway on which there was a center line between the north and the south traffic lanes.
*1212 Plaintiff's motion for directed verdict made at the close of the evidence, and his motion for a new trial following the verdict, were denied. Judgment was entered, and the plaintiff appealed.
The determinative question on this appeal is whether the verdict finding the defendant was not guilty of negligence was against the manifest weight of the evidence. The appellant contends that it was, and we agree.
Other than the two drivers, there were no eye-witnesses to the accident. The plaintiff testified that while driving in a northerly direction in the northbound lane he observed the defendant's truck approaching in the southbound lane when it was 200 or 300 feet distant; that when the latter vehicle was about 10 feet away it came over into his lane, and the vehicles collided. The point of contact on each vehicle was its left front.
The defendant driver, Venable, who is here referred to as the defendant, did not testify in direct conflict thereto. He did not testify that the plaintiff turned his car into defendant's southbound lane, or as to how the accident occurred, but testified that at all times he remained in his proper lane.
At a discovery deposition taken prior to trial the defendant had testified that he did not know how the accident occurred, and again that he had no idea how it occurred. When asked on the deposition how far the plaintiff's truck was when defendant first saw it, he answered that he could not say. When asked if he had any idea whether the plaintiff's truck was "5 feet or a mile" away when he first saw it, the defendant answered no. When asked on deposition if he recalled the plaintiff having attempted to make a turn out of his lane, he said no. Further in the deposition defendant testified he did not recall which truck hit the other, and that he could not say in which of the traffic lanes the impact occurred. At the trial, on cross-examination, when the defendant was questioned with regard to his above-mentioned deposition testimony, he admitted having so testified.
Following the collision, both vehicles came to rest in the northbound, the plaintiff's lane. There was no evidence of skid marks prior to the apparent point of impact. The investigating officer testified the collision debris was a short distance inside the plaintiff's traffic lane. The testimony and photographs showed that the vehicles were in the north lane after the collision.
On those facts this case is quite similar to Florida Publishing Company v. Copeland, 89 So.2d 18 (Fla. 1956). In that case, where there was a collision of approaching vehicles on a two-lane highway, each of the drivers testified that the other turned into his lane and caused the collision. However, the physical evidence was such as to clearly indicate that the collision occurred in the defendant's traffic lane, as indicated by the impact of the vehicles having been to the left front side of each of them, and by the position of the cars after the accident and the collision debris which were so located as to establish the point of impact or collision as having taken place in the defendant's lane. Notwithstanding such evidence, the jury verdict in that case was for the plaintiff. The Supreme Court, concluding the verdict was against the manifest weight of the evidence, reversed the judgment and remanded the cause for new trial.
In the present case, there was no substantial conflict or contradiction of the testimony of the plaintiff that the defendant's vehicle was turned into the plaintiff's lane prior to the collision. The defendant did not testify to the contrary directly, but only inferentially by testifying that at all times he drove in his proper lane, and the defendant did not testify that the plaintiff turned his vehicle into defendant's lane. There was no reasonable basis on which the jury could have concluded that the collision occurred in the southbound, the defendant's lane. The physical evidence established the contrary. The defendant's vehicle came to rest almost fully across the northbound lane. The plaintiff's vehicle remained in that lane. The collision debris indicated the point of impact was in the northbound lane.
*1213 After giving the verdict and judgment the benefit of the degree of presumption of correctness which their rendition and entry denote, and having considered the inferences the jury could or should logically have drawn from the evidence, we are impelled to conclude the jury verdict finding the defendant driver was not guilty of negligence was not supported by the evidence, and was contrary to the manifest weight of the evidence and was unjust.
When the trial court concludes that a verdict is against the manifest weight of the evidence, and thereby is unjust, a new trial should be granted. When an appellate court so regards a verdict the judgment entered thereon may be reversed and a new trial granted, on the ground that failure of the trial court to grant a new trial was an abuse of discretion. Florida Publishing Company v. Copeland, supra; Cloud v. Fallis, 110 So.2d 669, 673 (Fla. 1959); Roberts v. Bushore, 183 So.2d 708 (Fla.1st DCA 1966); Sutton and J.J. Kelly, Inc. v. Logan, 184 So.2d 662 (Fla.1st DCA 1966); Kinsey v. Kelly, 312 So.2d 461 (Fla.1st DCA 1975).
The judgment is reversed, and the cause is remanded for new trial.