NEWELL, EMERY J., Associate Judge.
This is an appeal from a final judgment in favor of appellee (defendant below) following a jury verdict in appellee’s favor.
Plaintiff was southbound in her automobile on a divided open highway which had a median strip separating opposing traffic. As she approached an intersection she observed the traffic signal for southbound through traffic change from red to green. The particular traffic signal at this intersection is described as a five phase fully actuated traffic control signal which responds to the demands of traffic. There was no evidence of any unlawful or unreasonable speeding by plaintiff. As she moved closer to the intersection she noticed defendant’s vehicle blocking her lane of traffic; she swerved to the right, missing defendant’s vehicle, but striking a concrete traffic control box off to the right hand side of the roadway.
The defendant had been proceeding northbound in his station wagon. He pulled into the left turn lane at the intersection and stopped behind other cars. Several cars ahead of him turned left on a green arrow. The defendant testified the green arrow went off before he got into the intersection. He saw the green arrow turn yellow and then red as he proceeded into the intersection. He stopped in a position described by him as a little bit to the south of the middle of the intersection and waited for a clear space to make his left turn. He then turned left on the red light. As he was entering the centermost of the through lanes for southbound traffic, defendant heard a horn or screeching of brakes, slammed on his own brakes and stopped. Defendant further testified it was a beautiful day, clear and bright, the pavement was dry and that nothing obstructed his view to the north.
The facts in the instant case are strikingly parallel to those reported in Kinsey v. Kelly, Fla.App., 312 So.2d 461. That case involved a collision between a motorcyclist and a left turning automobile moving on a green light; other than these dissimilarities *1037 the facts in the two cases are virtually identical.
As in Kinsey, supra, this case was tried on comparative negligence. By its verdict for the defendant-appellee herein, the jury necessarily concluded that defendant was without negligence which was a legal cause of the accident and that plaintiff was 100% at fault.
The record in the instant cause clearly shows some negligence on the part of appel-lee. We find that this jury verdict was against the manifest weight of the evidence and that the trial judge abused his discretion in denying appellant’s motion for a new trial.
Reversed and remanded for a new trial.
CROSS and DOWNEY, JJ., concur.