ZEHMER, Judge.
McKenzie Tank Lines (McKenzie) appeals a final judgment awarding damages to ap-pellees Empire Gas Corporation and Empire Gas, Inc., of Jay (Empire), for property loss sustained in a gas explosion on June 7, 1979, which wrecked Empire’s liquefied petroleum (LP) storage facility in Jay, Florida. Although the explosion left much of the physical evidence in ruins, it is undisputed that the accident occurred while McKenzie’s tanker was unloading a supply of LP gas and that, at the time of the explosion, the driver of the truck had left his assigned post and was not tending to the unloading operation.
Empire filed a negligence action alleging that the failure of McKenzie’s driver to remain in proximity to the shut-off safety valves was the cause of the explosion. McKenzie raised the defense of comparative negligence and counterclaimed for damages on allegations that Empire failed to maintain functioning automatic safety valves as required by applicable regulations. Following a lengthy trial involving extensive expert testimony in accident reconstruction and LP safety practices and procedures, the jury rendered a special verdict finding that there was “negligence on the part of McKenzie which was a legal cause of damage to Empire” and answering “No” to the question, “Was there negligence on the part of Empire which was a legal cause of damage to McKenzie?” The jury assessed McKenzie’s “percentage of any negligence” at 100 percent and Empire’s damages at $109,000. The trial court entered judgment on the jury verdict and denied McKenzie’s motion for new trial, reciting:
This case was tried to a jury of six over a week by very competent attorneys for both parties. Extensive evidence was presented and the witnesses were well tested by the attorneys.
There was great conflict in the evidence leaving many issues to be resolved by the jury which was charged with determining the credibility of the witnesses and the weight to be given their testimony and the other evidence in reaching their verdict. Whether the Court might agree or disagree with the verdict is not the test for a new trial, but it is whether the verdict does or does not comport with the manifest weight of the evidence and substantial justice in the case.
Applying this test, the verdict must stand; a fair trial was had....
On appeal, McKenzie raises three issues: (1) whether Empire’s failure to have functioning automatic safety valves as required by law constitutes negligence per se; (2) whether the absence of the required valves was a legal cause of the damages; and (3) whether a new trial should have been granted because the manifest weight of the evidence established that Empire was, at least in part, to blame for the accident and resulting damages.
Appellant’s points require that we thoroughly examine the voluminous testimony in the record to determine whether there is undisputed evidence of Empire’s negligence and the jury verdict is contrary to the manifest weight of the evidence. Kinsey v. Kelly, 312 So.2d 461 (Fla. 1st DCA 1975). For purposes of this opinion we have assumed (without necessarily deciding) that as a matter of law it is negligence per se to not maintain the valves referred to by McKenzie in proper operating condition. We have carefully examined the record and in the process, have undertaken to determine whether the evidence was sufficient to support a finding adverse to McKenzie on the following questions of fact, among others: Did the valves in the Empire facility comply with applicable regulations; Were the valves operative prior to the fire; If not, was the failure to maintain proper, operative valves a legal cause of the accident; And would McKenzie’s driver nevertheless have had the opportunity to shut off the gas flow from the tanker truck had he not left the unloading site. We agree with the trial judge that the evidence in the record is conflicting on these as well as other issues of fact. Construing the evidence most favorably for the *1176 appellees, we conclude it is sufficient to support the jury’s verdict.
There appearing to be no error in the trial judge’s evaluation of the evidence and denial of the motion for new trial, the judgment is AFFIRMED.
MILLS and SHIVERS, JJ., concur.