492 So.2d 407 (1986)
Dan SIFFORD, Appellant,
v.
TRANS AIR, INC., Appellee.
No. 84-1925.
District Court of Appeal of Florida, Fourth District.
July 2, 1986.
Rehearing and Clarification Denied September 2, 1986.
James R. Chandler, III, of Bender, Bender & Chandler, P.A., Coral Gables, for appellant.
Melanie G. May of Bunnell, Denman & Woulfe, P.A., Fort Lauderdale, for appellee.
WESSEL, JOHN D., Associate Judge.
The appellant, Dan Sifford, pursuant to an adverse jury verdict, appeals a final judgment for monies due under an agreement with the appellee, Trans Air, Inc.
Sifford agreed to loan Trans Air $50,617.34 and received an option to purchase the outstanding majority interest in Trans Air. Subsequent to the agreement the relationship between the parties deteriorated, and Sifford decided against exercising this stock option and instituted an action to recover monies lent to Trans Air.
As an affirmative defense, Trans Air claimed there was a full release of all funds due Sifford following a $12,800 payment made to him. This payment was part of an agreement between Sifford and Lawrence Austin, a third party investor, in which Sifford would be paid not less than $35,000 and not more than $42,500 in return for a release and assignment of his *408 claims against Trans Air. The release was to be held in escrow by an attorney for Trans Air until Sifford was paid the entire amount due him. The final amount to be paid to Sifford was never determined and no further payments were ever made. Shortly after the $12,800 payment was made to Sifford Trans Air terminated its relationship with its attorney, and its new counsel took possession of the release. Trans Air then used the release as an affirmative defense.
In sum, there was a release executed by Sifford which was to be held in escrow and there was a payment to Sifford toward the indebtedness in the amount of $12,800. The conditions of the release required an additional payment before the release was to leave the escrow and become binding so as to extinguish the debt. This condition never occurred.
Trans Air relies for its support of the jury verdict in its favor on the following: (1) the unconditional release introduced at trial which was in their favor; (2) the fact that $12,800 was paid pursuant to the terms of the Release Agreement; (3) the release would not leave escrow until there were additional sums paid pursuant to the agreement, and (4) that Trans Air received possession of the release.
It is well established and axiomatic that in reviewing the propriety of a jury verdict if there is any competent evidence to support the verdict it must be sustained regardless of this court's opinion as to its appropriateness and it is not our function to reevaluate the evidence and/or to substitute our judgment for that of the jury. Helman v. Seaboard Coast Line Railroad Co., 349 So.2d 1187 (Fla. 1977); Broward County v. Sattler, 400 So.2d 1031 (Fla. 4th DCA 1981). However, an appellate court should reverse a jury verdict when there is no rational basis in the evidence to support the verdict of the jury. Clements v. Plummer, 250 So.2d 287 (Fla. 1st DCA 1971); Food Fair Stores of Florida, Inc. v. Sommer, 111 So.2d 743 (Fla. 3d DCA 1959).
The evidence concerning the condition precedent of the release is uncontradicted. The release was to be held in escrow and would not be valid and effective until the appellant was paid the entire amount due him. The $12,800 payment the appellant received and cashed was only the initial part of a larger, but undetermined, amount to be paid in exchange for the release. No further payments were ever made to the appellant and no agreement was made on the final amount he would accept in exchange for his release. Therefore, the condition precedent for the release, the payment of the entire amount due Sifford, was never met, and the release could not have been a valid and effective bar to the appellant's recovery.
The final judgment is hereby reversed and the cause remanded for a new trial.
REVERSED AND REMANDED.
DOWNEY and WALDEN, JJ., concur.