541 So.2d 755 (1989)
Kathy G. REED, Appellant,
v.
Billy James REED, Appellees.
No. 88-2047.
District Court of Appeal of Florida, First District.
April 11, 1989.
J. Jeffery Slingerland, of Lindsay, Andrews & Leonard, P.A., Milton, for appellant.
Jennifer Byrom Sparr, Milton, for appellees.
SHIVERS, Judge.
The wife appeals the child support provision in the final order of dissolution of marriage. We first note that the child support guidelines found in section 61.30, Fla. Stat. (1987), effective July 1, 1987, do *756 not necessarily apply to this case as the parties to this appeal assumed because the petition for dissolution was filed before the effective date. Chapter 87-95, section 25, Laws of Florida.
Despite the husband's history of making $75.00 per week child support payments, his agreement to continue that rate of payment, and his apparent ability to do so, the trial court nevertheless required only a $50.00 per week payment from him. We cannot say that as a matter of law such an award constitutes an abuse of discretion. The record indicates that the trial court considered relevant factors in determining the child support requirement, e.g., Peak v. Peak, 411 So.2d 325 (Fla. 5th DCA 1982) (factors such as income of the noncustodial parent, needs of the children, their age, station in life, and the ability of the custodial parent to provide for the needs of the children), and simply ordered a child support payment by the husband in accordance with those factors. In addition, we cannot find from the record evidence establishing that a greater amount was required to meet the children's needs. McGregor v. McGregor, 371 So.2d 567 (Fla. 4th DCA 1979).
AFFIRMED.
SMITH, Chief Judge, concurs.
WENTWORTH, J., dissents, with an opinion.
WENTWORTH, Judge, dissenting.
I respectfully dissent. The record reflects the former husband's voluntary payment prior to the dissolution proceedings of $75 per week toward support of the parties' two children, ages 3 and 11 months at that time. The former husband's testimony indicated that he had the ability to pay at least that amount.[1] His attorney requested that the court award that amount to the custodial parent, the former wife, who claimed need for $100 per week in child support. In these circumstances the trial court's award of $50 as weekly support was in my opinion an abuse of discretion, in view of the unrefuted evidence of the former husband's ability to pay and evidence of the children's need.
The court's reliance on the children's ages to show diminished cost of maintenance also appears to me to be too narrow a point of reference upon which to fix the award.[2] The record reflects the former husband's tacit admission to a $19,000 arrearage in support for two children of a prior marriage, indicating no assurance that the $25 per week allocation of income for that purpose in this case will go toward the support of those children.
NOTES
[1] According to the husband's financial affidavit he has monthly available income of $1,479. The record evidence is that he makes occasional support payments for two children in Texas. He makes a $427 monthly payment on a 1988 Corvette and also owns a turck and two motorcycles.
[2] A computation for comparative purposes under section 61.30, Florida Statutes, assuming without deciding legal inapplicability on the date of the order herein, apparently yields a paternal contribution exceeding $100 weekly for the two children, after taking into account a 46% share for the wife based on current income. The $50 award by the court would result, by the same computation, in the mother's providing 78% of the total support. In any case, the guideline figures contemplate an increase of the scheduled minimum for advancing age of children, as opposed to diminution on the basis of infancy.