555 So.2d 1293 (1990)
Barry R. MANN, Appellant/Cross-Appellee,
v.
Mary June MANN, Appellee/Cross-Appellant.
No. 89-999.
District Court of Appeal of Florida, Third District.
January 23, 1990.
*1294 Bryson & Berman, P.A., and Rodney W. Bryson, Miami, for appellant/cross-appellee.
Estelle G. Furlong, Miami Beach, for appellee/cross-appellant.
Before BARKDULL, FERGUSON and JORGENSON, JJ.
PER CURIAM.
The former husband, Barry Mann, appeals an order granting the former wife's petition for modification and/or extension of rehabilitative alimony. The former wife, Mary June Mann, cross-appeals an order reducing rehabilitative alimony and denying her request to convert rehabilitative alimony to permanent alimony. After reviewing the record, we conclude that Ms. Mann was entitled to have the rehabilitative alimony award converted to permanent alimony.
Subsequent to the final dissolution, Ms. Mann petitioned for conversion of rehabilitative alimony to permanent alimony. In the petition, the former wife alleged that she has never been able to enjoy the excellent standard of living set during the marriage of the parties, that she has had to deplete her capital assets in order to maintain herself in an extremely modest fashion, and that she is now ill and unable to contribute substantially to her own support. She also alleged that Mr. Mann's ability to provide support had improved since the dissolution. Finding that Ms. Mann's medical condition had worsened minimally and that, although she was working part-time, there was not likely to be a change in those circumstances, the trial court denied her petition to convert rehabilitative alimony to permanent alimony and ordered an extension of rehabilitative alimony for a two-year period at a reduced rate.
The evidence fails to establish any substantial prospects of rehabilitation such that Ms. Mann could be expected to become self-supporting. Thus, permanent alimony was warranted. See Halberg v. Halberg, 519 So.2d 15 (Fla. 3d DCA 1987) (where record demonstrated that former wife would not be able to attain the standard of living she enjoyed during the marriage, permanent alimony, rather than rehabilitative alimony, is warranted); Hamilton v. Hamilton, 508 So.2d 760 (Fla. 1st DCA 1987) (wife was entitled to have rehabilitative alimony converted to permanent alimony where evidence failed to establish any substantial prospects of rehabilitation). Moreover, the fact that Ms. Mann would have been, under the evidence upon which the final judgment of dissolution was based,[1] a proper subject for permanent alimony should have been considered at the time the modification of rehabilitative alimony to permanent alimony was considered. O'Neal v. O'Neal, 410 So.2d 1369, 1372 (Fla. 5th DCA 1982). In view of the former wife's undisputed circumstances and the former husband's ability to pay, the failure to convert the rehabilitative alimony to permanent alimony constituted an *1295 abuse of discretion. See Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980).
On cross-appeal, the wife alleges that no evidence was presented to justify a reduction in the amount of alimony. We agree and, on remand, direct the court to reinstate the original amount.
Accordingly, the appealed order is reversed, and the cause is remanded with directions to award Ms. Mann permanent alimony in the original amount.
Reversed and remanded with directions.
NOTES
[1] In his findings, the special master stated as follows:

She could not go out and earn money to maintain herself in the standard of living in which the parties have lived. She has not asked for permanent alimony, but she certainly is entitled to rehabilitative alimony. In my opinion, if she had asked for permanent alimony, I probably would have recommended it.