577 So.2d 587 (1990)
Pamela A. LEONE, Appellant,
v.
Samuel P. LEONE, Appellee.
No. 89-903.
District Court of Appeal of Florida, Third District.
October 16, 1990.
Rehearing Denied April 24, 1991.
Charles J. Sibley, Miami, for appellant.
Sidney L. Syna, Miami, for appellee.
Before FERGUSON, JORGENSON and GODERICH, JJ.
PER CURIAM.
The wife, Pamela A. Leone, appeals from a final judgment dissolving her marriage to Samuel P. Leone, the husband, and granting other relief. She also appeals from a court order amending the final judgment and denying her motion for rehearing. We affirm.
The parties were married to each other on April 15, 1982. The husband has two sons from a prior marriage. The wife has one daughter from a prior marriage. The parties have one daughter, Pamela Joan Leone, born on February 4, 1986. The husband filed a petition for dissolution on June 13, 1986 and the cause proceeded to final hearing on December 20, 1988. During trial, the husband's net income was stipulated to be $10,500.00 per month. In the final judgment, the trial court granted the wife custody of the minor child and ordered the husband to pay child support in the amount of $700.00 per month for two *588 years and $800.00 per month thereafter. In addition, the husband is to pay for all of the child's medical and dental expenses. The court also ordered the husband to pay four years of rehabilitative alimony and to assign $250,000.00 of his $500,000.00 life insurance policy to the wife. The wife filed a petition for rehearing. The court amended the final judgment and further ordered the husband to pay the wife $10,000.00 as partial lump sump alimony. The wife appealed.
The husband is a medical doctor. However, as a result of heart surgery, he is no longer able to practice as an orthopedic surgeon. The wife is a thirty-six year old housewife who graduated from high school in 1970. She stays home to care for their child who is ill. Prior to the marriage, she worked as a waitress. The husband contends that she is able to go to school to acquire or improve her skills. There is no marital residence, instead the parties lived in apartments. The wife owns a home in Broward County. The husband alleges she received rental income from that property during the marriage and deposited that money in her own bank account. He further alleges that his medical clinics paid for most of the repairs and improvements on her house. The husband has many outstanding debts. He was even sued for unpaid rent and a judgment was entered against him. This judgment remains unpaid. The husband has lost all credit and had his car repossessed. The husband contends that the wife used his $15,000.00 certificate of deposit to purchase a car. The wife contends that she does not own a car.
The wife contends that the child support award is insufficient, and therefore the trial court abused its discretion. The wife further contends that the court should have awarded child support in the amount of $2,000.00 per month. We disagree. We note that the child support guidelines found in section 61.30, Florida Statutes (1987), do not apply to this case as the parties assumed because the petition for dissolution of marriage was filed before this section went into effect. See Reed v. Reed, 541 So.2d 755 (Fla. 1st DCA 1989); Trager v. Trager, 541 So.2d 148 (Fla. 4th DCA 1989). The parties filed the petition on June 13, 1986, and the statute did not go into effect until July 1, 1987.
The trial court has broad discretion in determining the amount of child support to be awarded, taking into consideration the needs of the child and the ability of the parent to pay. Bordman v. Bordman, 231 So.2d 543 (Fla. 3d DCA 1970). The party challenging the child support award has the burden of showing it represents an abuse of discretion. Schwartz v. Schwartz, 297 So.2d 117 (Fla. 3d DCA 1974); Meltzer v. Meltzer, 262 So.2d 470 (Fla. 3d DCA 1972); Bordman, 231 So.2d at 543. In the instant case, the wife has not met this burden. There is competent evidence in the record to support a conclusion that the amount is commensurate with the child's needs. See Meltzer v. Meltzer, 400 So.2d 32 (Fla. 3d DCA 1981); Meltzer, 262 So.2d at 470. We therefore find that the trial judge did not abuse his judicial discretion in setting the amount of child support. In addition, we find that it was proper for the trial court to order the husband to pay all of the child's medical and dental expenses. It is well within the discretion of the trial court to order the husband to pay for these expenses. Moore v. Moore, 311 So.2d 152 (Fla. 3d DCA), cert. denied, 324 So.2d 87 (Fla. 1975); Schultz v. Schultz, 290 So.2d 146 (Fla. 2d DCA 1974).
The wife next contends that the trial court abused its discretion by granting her temporary rehabilitative alimony instead of permanent alimony. The wife argues that the court should have awarded her $2,000.00 a month permanent alimony. We disagree.
The trial court correctly granted the wife rehabilitative alimony and denied her request for permanent alimony. Upon consideration of the criteria to be used in establishing the wife's need for permanent alimony as set forth in Canakaris v. Canakaris, 382 So.2d 1197, 1201-02 (Fla. 1980), we find that the wife is not entitled to permanent alimony. The wife was thirty-six years old at the time of the final hearing. *589 She had worked as a waitress prior to the marriage and attended college for approximately one year. The wife is young, in good health and able to rehabilitate herself. See Martinez-Cid v. Martinez-Cid, 559 So.2d 1177 (Fla. 3d DCA 1990). In addition, the parties were married for only six years. See Canakaris, 382 So.2d at 1201 (one of criteria to be considered in establishing need for permanent alimony is duration of marriage). The trial court has broad discretionary powers in the determination of support and maintenance and such orders will not be disturbed on review if supported by the evidence. Walter v. Walter, 464 So.2d 538 (Fla. 1985); Canakaris, 382 So.2d at 1197. We find that the trial court has not abused its discretionary authority.
Finally, the wife contends the court should award the wife an equitable interest in the business accounts receivables, in the sale of the resort and in the liquidation of the husband's retirement insurance policy. We disagree.
The trial court did not abuse its discretion in denying the wife an equitable interest in the business accounts receivables and in the insurance policy. See generally Canakaris, 382 So.2d at 1197. The husband has had an agreement with Patient Accounting Systems Inc. [PAMSI] since April 6, 1987, whereby PAMSI provides the husband with the office equipment, supplies, personnel, and management in exchange for fifty percent of the money the husband brings in. Once the money is collected by PAMSI, half of it goes to the husband and is reported as income to him. From this income, he is required to make all his support payments. See Dogu v. Dogu, 652 P.2d 1308 (Utah 1982); but cf., Sorensen v. Sorensen, 769 P.2d 820 (Utah Ct.App.), cert. granted, 779 P.2d 688 (Utah 1989); Kowalesky v. Kowalesky, 148 Mich. App. 151, 384 N.W.2d 112 (1986); In re Marriage of Bayer, 687 P.2d 537 (Colo. Ct. App. 1984); In re Marriage of Reiling, 66 Or. App. 284, 673 P.2d 1360 (1983), rev. denied, 296 Or. 536, 678 P.2d 738 (1984); In re Marriage of Goldstein, 120 Ariz. 23, 583 P.2d 1343 (1978).
As for the sale of the Manatee resort, this issue was never presented to or tried by the trial court. An appellate court will not consider issues not presented to the trial judge, Dober v. Worrell, 401 So.2d 1322 (Fla. 1981), unless it is fundamental in nature. Ashley v. Ocean Roc Motel, Inc., 518 So.2d 943 (Fla. 3d DCA 1987), rev. denied, 528 So.2d 1181 (Fla. 1988). The failure to grant the wife an equitable interest in the sale of the resort did not constitute fundamental error. See Wagner v. Nottingham Assoc., 464 So.2d 166 (Fla. 3d DCA), rev. denied, 475 So.2d 696 (Fla. 1985) (fundamental error occurs when, no matter what was or could have been said by other side at trial, resulting judgment is flawed). Thus, we affirm the trial court's decision to not award the wife an equitable interest in the business accounts receivable and in the liquidation of the husband's retirement policy.
Affirmed.
FERGUSON and GODERICH, JJ., concur.
JORGENSON, Judge, concurring in part and dissenting in part.
I agree that the trial court's order on child support should be affirmed. However, I believe that the trial court abused its discretion in denying the wife permanent periodic alimony.
Upon divorce, a spouse is entitled to enjoy a standard of living similar to that set during the marriage. See Waldman v. Waldman, 520 So.2d 87, 89 (Fla. 3d DCA) ("Permanent periodic alimony provides for the needs and necessities of life to a former spouse as they have been established by the marriage of the parties.") (emphasis in original), rev. denied, 531 So.2d 169 (Fla. 1988). Although the court correctly states that a trial court has broad discretionary powers in determining support and maintenance, "a trial judge must ensure that neither spouse passes automatically ... from prosperity to misfortune... ." Canakaris v. Canakaris, 382 So.2d 1197, 1204 (Fla. 1980). The trial court's denial of permanent alimony in this case, and this court's affirmance, will have precisely that effect.
*590 The record reflects that, during the marriage, the parties enjoyed a lavish life-style. At the husband's request, the wife was not employed and frequently traveled with her husband to Europe and New York. The couple lived in a luxurious apartment at the Villa Regina, dined at expensive restaurants, and shopped in expensive stores. Now, the wife must borrow extensively from her mother to meet her needs.
Moreover, the wife has poor prospects for rehabilitation and employment and has no present ability to support herself. She has a high school education; her only employment was as a waitress before her marriage to Dr. Leone. She was not employed during the marriage but stayed home to care for the parties' daughter, who suffers from a seizure disorder. When the minor child reaches majority, the wife will be fifty-two years old. Therefore, I believe that, as a matter of law, the wife is entitled to an award of permanent alimony. See Mann v. Mann, 555 So.2d 1293 (Fla. 3d DCA 1990) (where record demonstrated that wife would not be able to attain standard of living enjoyed during marriage, permanent, rather than rehabilitative alimony required); Halberg v. Halberg, 519 So.2d 15 (Fla. 3d DCA 1987) (same); Green v. Green, 484 So.2d 1269, 1270 n. 1 (Fla. 3d DCA 1986) (where wife's earning capacity limited "and will never rise to a level which will allow her, on her own, to attain a standard of living similar to the one she enjoyed while married," permanent alimony required as a matter of law); Colucci v. Colucci, 392 So.2d 577, 579 (Fla. 3d DCA 1980) (where wife had high school diploma and no significant work experience or marketable skills, trial court abused its discretion in denying permanent alimony because "[t]here is nothing but hopeful speculation that her admirable desire to be employed will be fulfilled in any meaningful fashion even should she indeed receive a bachelor's degree within the next few years.").
I would, therefore, reverse that portion of the final judgment denying the wife permanent alimony.