GERSTEN, Judge.
Appellant, Phyllis Clarke, appeals an order granting a new trial. We affirm.
Appellant contends that the trial court abused its discretion by granting a new trial where there may be some dispute in the evidence. Appellee, Trevor Stewart, asserts that the trial court was correct in granting a new trial because the verdict was against the manifest weight of the evidence.
The straightforward trial facts show that appellee had the right-of-way at a traffic intersection. Appellant turned into appel-lee’s lane at the intersection and an accident occurred. The jury’s verdict necessarily concluded that appellant was totally without negligence and that appellee was completely at fault.
The trial court is in a most advantageous position to determine whether a jury verdict is against the manifest weight of the evidence. Thus, after conducting a trial, the judge can, and should, correct what would amount to a manifest injustice. Since the record shows at least some degree of negligence on the part of appellant, the trial court was eminently correct in its application of the facts to the law. Christiana v. White, 346 So.2d 1036 (Fla. 4th DCA 1977), cert. denied, 357 So.2d 188 (Fla.1978); Diaz v. Certified Marine Industries, Inc., 346 So.2d 1211 (Fla. 3d DCA), cert. denied, 353 So.2d 674 (Fla.1977); Kinsey v. Kelly, 312 So.2d 461 (Fla. 1st DCA 1975), cert. denied, 333 So.2d 463 (Fla.1976).
Affirmed.