622 So.2d 1147 (1993)
James A. STAMAN, Appellant,
v.
Daiva T. STAMAN, Appellee.
No. 92-144.
District Court of Appeal of Florida, First District.
August 16, 1993.
Rehearing Denied September 13, 1993.
Albert Datz, of Datz, Jacobson & Lembcke, Jacksonville, for appellant/cross-appellee.
George M. McClure, of McClure & Whiteman, St. Augustine, for appellee/cross-appellant.
MICKLE, Judge.
The former husband appealed and the former wife cross-appealed the final judgment of dissolution of marriage that, as amended, equally distributed $5.3 million of the parties' marital assets, awarded the former wife an additional $500,000.00 in lump sum alimony, and excluded from marital assets the accounts receivable of the former husband's medical professional association. Finding neither an abuse of discretion nor any error as a matter of law on the issue of alimony, we affirm without further comment the award of lump sum alimony. Section 61.08, Florida Statutes (Supp. 1988); Canakaris v. Canakaris, 382 So.2d 1197, 1201 (Fla. 1982); Kuharsky v. Kuharsky, 582 So.2d 78 (Fla. 4th DCA 1991). As to the former wife's cross-appeal issue, we reverse that portion of the amended final judgment excluding accounts receivable from marital assets as a matter of law, and remand for proceedings in conformity with this decision.
In the valuation of the marital estate, the trial court initially included the discounted value of the accounts receivable of the former husband's professional association. Net accounts receivable were found to be worth $489,247.00. The figures were taken from trial testimony and from the former husband's accountant's valuation of the marital estate as of September 30, 1988, the date for determination of marital assets pursuant to section 61.075(4), Florida Statutes (Supp. 1988). The lower tribunal determined that 35% of the accounts receivable constituted "bad debt" that was to be written off.
Pursuant to the former husband's motion for rehearing or for amendment of judgment, the trial court deleted accounts receivable and an upward adjustment from the marital estate, in reliance on Leone v. Leone, 577 So.2d 587 (Fla. 3d DCA 1991). We find the trial court erred in apparently concluding that, as a matter of law, accounts receivable cannot be included in the valuation of marital assets. First, in furtherance of reversal on this issue, we need not look beyond our prior opinions in Spillert v. Spillert, 564 So.2d 1146, 1148 (Fla. *1148 1st DCA), rev. den., 576 So.2d 291 (Fla. 1990), and Carr v. Carr, 522 So.2d 880, 885 (Fla. 1st DCA 1988) (finding error in trial court's exclusion, from marital assets, of the tangible assets of husband's medical practice, including accounts receivable). See In re: Goldstein, 120 Ariz. 23, 583 P.2d 1343, 1344 (1978); Moulton v. Moulton, 485 A.2d 976 (Me. 1984); Thomas v. Thomas, 571 So.2d 499, 504 (Fla. 1st DCA 1990); Villaverde v. Villaverde, 547 So.2d 185, 186-87 (Fla. 3d DCA 1989) (increases in value of breadwinner spouse's medical practice during the marriage are to be considered among marital assets). Second, Leone appears to have been the sole Florida decision on which the trial court relied, and we find Leone to be factually distinguishable based on the particular arrangement between Dr. Leone and an outside company concerning the distribution of his business accounts receivable. In addition, the case of Dogu v. Dogu, 652 P.2d 1308 (Utah 1982), on which the Third District Court relied on reaching its decision in Leone, has been construed narrowly by the Utah Supreme Court. In Sorensen v. Sorensen, 839 P.2d 774, 777-78 (Utah 1992) (accounts receivable of husband's solo dental practice could be included in value of practice, for purposes of division of marital property), the court specifically called into question its holding in Dogu. It is unnecessary for us to determine the validity of the Leone holding because it is easily distinguishable. We feel, however, that Leone is to be narrowly construed due to its unusual facts. On remand, the trial court should include accounts receivable within the marital estate, to be distributed in a manner that the trial court deems equitable given the overall division of assets. Section 61.075, Florida Statutes (Supp. 1988).
AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings.
SMITH and WOLF, JJ., concur.