676 So.2d 70 (1996)
Mark PIERCE and Doris Denson, Appellants,
v.
NICHOLSON SUPPLY COMPANY, INC. and Alberto Salazar, Appellees.
Nos. 94-03212, 94-03786.
District Court of Appeal of Florida, Second District.
July 10, 1996.
Joseph A. Eustace, Jr. of Anthony J. LaSpada, P.A., Tampa, for Appellants Mark Pierce and Doris Denson; Robert Brush of Lane, Trohn, Clarke, Bertrand & Jacobsen, P.A., Lakeland, for Appellant Mark Pierce.
Richard R. Garland, A. James Rolfes and Kimberly Carlton Bonner of Dickinson & Gibbons, P.A., Sarasota, for Appellees.
*71 QUINCE, Judge.
Mark Pierce and Doris Denson appeal from an order of the trial court denying their motion for a new trial, alleging, inter alia, that the jury verdict in a personal injury case was against the manifest weight of the evidence. We agree and reverse and remand for a new trial.
Mark Pierce was the driver of a vehicle which was travelling in a northerly direction on Highway 17 in Wauchula, Hardee County, Florida. Alberto Salazar was driving a vehicle in a southerly direction on Highway 17 and had gotten in the left-hand lane to make a left turn onto Oak Street. The traffic light was green for north/south traffic on Highway 17. Salazar testified, via deposition, that he was stopped in the left lane to make a turn, and at the same time, there was a truck in the left northbound lane waiting to make a turn onto Oak Street in the opposite direction. He admitted he could not see over the truck. Salazar further stated he did not see any other traffic heading north so he began his turn and was struck by the vehicle driven by Pierce. Salazar stated on cross-examination that while making the turn, he was watching the traffic on Oak Street. Furthermore, he admitted he never had a clear view of both lanes of approaching traffic.
Pierce indicated he was travelling north on Highway 17. He admitted he passed a vehicle travelling in the curb lane and proceeded to the intersection of Highway 17 and Oak Street. He further admitted he accelerated to pass the other car and may have been travelling in excess of the speed limit. One witness testified Pierce was travelling between 60 and 65 miles per hour. Other eyewitnesses could not give an estimate of Pierce's speed. The accident reconstructionist testified Pierce could have been travelling as fast as 41 miles per hour at the time of the accident.
After hearing this testimony, the jury returned a defense verdict finding that Salazar had no fault in the accident. A motion for new trial asserting the verdict was against the manifest weight of the evidence was filed by the appellants. The trial court denied the motion for new trial, and this timely appeal was filed.
We reverse for a new trial because the record shows there was some degree of negligence on the part of the left-turning driver. Clarke v. Stewart, 579 So.2d 281 (Fla. 3d DCA 1991). The facts clearly demonstrated that Pierce, proceeding forward through the intersection, had the right-of-way. Salazar made a left turn at that intersection. He acknowledged during his deposition that he never had a clear view of the oncoming lanes of traffic because a truck facing him was also turning left. He also acknowledged that as he was making the turn he was watching the traffic on the street he was turning onto and not the traffic coming through the intersection.
Although a motion for new trial is addressed to the sound discretion of the trial court, the trial judge has a duty to grant such a motion when the jury has been influenced by extraordinary considerations, misled by the force and credibility of the evidence, or when the verdict fails to comport with the manifest weight of the evidence. McCloud v. Sherman Mobile Concrete Co., 579 So.2d 773 (Fla. 2d DCA 1991); Surety Mortgage, Inc. v. Equitable Mortgage Resources, Inc., 534 So.2d 780 (Fla. 2d DCA 1988). The jury verdict in the instant case does not comport with the manifest weight of the evidence since there is no view of the facts which would demonstrate an absence of some degree of fault on the part of the left-turning driver. See Cloud v. Fallis, 110 So.2d 669 (Fla.1959).
We, therefore, reverse and remand for a new trial.
DANAHY, A.C.J., and SCHOONOVER, J., concur.