SORONDO, Judge.
Rafael Manuel Morera, Jr. and Rafael Manuel Morera, Sr. (collectively Morera), appeal from the lower court’s final judgment in favor of Petrona Elba Castellón, Roberto Castellón and Elba Castellón (collectively Castellón).
At about 8:25 a.m. on March 13, 1991, Morera, Jr. (plaintiff below) and Petrona Castellón were involved in an auto accident at the intersection of 187th Terrace and 124th Avenue in Miami-Dade County. Mor-era, Jr. was driving a 1986 Mustang on 187th Terrace with the right of way and Castellón was on 124th Avenue, which had a stop sign. Morera, Jr., who was 16 years old at the time, testified that he was headed towards school and driving about 30 miles per hour. As he was about a car length from the intersection, he saw a car approaching the stop sign that slowed down for a few seconds but continued through the sign and jumped in front of him. Morera, Jr. braked and swerved to attempt to avoid the accident, but collided with Castellon’s car. After the impact, Morera, Jr.’s ear went off the road and hit a tree.
Armando Rodriguez, a friend of Morera, Jr., testified that he was driving behind Mor-era, Jr.’s ear on the way to school. Rodriguez was going approximately 25 miles per hour and he estimated that Morera, Jr. was driving the same speed because he did not pull away from him. Rodriguez was approximately one block away but did not see Cas-tellon’s car before Morera, Jr. swerved to try to avoid the impact.
Castellón testified that she was going 20 miles per hour prior to the stop sign. She stopped, looked both ways and did not see an on-coming vehicle. When she started into the intersection Castellón saw, “something, a car moving faster than like a plane toward me.” She braked, Morera, Jr.’s car struck her, she lost control of her vehicle, turned 180 degrees to the other side, and was “moving everywhere.”[1]
We agree with Morera that a new trial is appropriate because the jury verdict was contrary to the manifest weight of the evidence. Castellón was at least partially negligent as she had a duty to make a complete stop at the stop sign, look for oncoming traffic, and yield the right of way. See Pierce v. Nicholson Supply Company Inc., 676 So.2d 70 (Fla. 2d DCA 1996).
We reverse and remand for a new trial.

. The evidence is undisputed that it was Castel-Ion who broadsided Morera, Jr.