946 So.2d 115 (2007)
Jane IZQUIERDO, Appellant,
v.
GYROSCOPE, INC., etc., Appellee.
No. 4D05-4599.
District Court of Appeal of Florida, Fourth District.
January 10, 2007.
*116 Martin E. Leach of Feiler, Leach & McCarron, P.L., Coral Gables, for appellant.
Neil V. Singh of Allen, Kopet & Associates, Fort Lauderdale, for appellee.
WARNER, J.
After the jury returned a verdict finding no negligence on the part of a restaurant in the appellant's action for damages for a slip and fall, the appellant sought a new trial. She claimed that the verdict was against the manifest weight of the evidence. The trial court denied the motion. Because the uncontroverted evidence shows at least some negligence on the part of the restaurant, we conclude that the trial court abused its discretion in denying the motion and reverse.
The appellant, Jane Izquierdo, filed a personal injury action alleging negligence *117 by the defendant, Gyroscope, Inc., which owned and operated Giorgio's Grill. She alleges that she slipped and fell on a wet napkin, breaking her leg. The defendant denied any negligence.
At trial, the jury learned that Giorgio's was a restaurant which became a night club after certain hours. It had a tradition of both the wait staff and customers throwing paper napkins into the air as the music played throughout the evening. The napkins would land on the floor of the restaurant. No one would pick them up, although when they became too deep, customers would push them to the side. Because drinks were occasionally spilled, sometimes the napkins would be wet.
Both Izquierdo and her fiancé testified that they went to the restaurant to meet a friend around midnight on the night of the incident. They had been to Giorgio's about five or six times before and knew that it became a night club after certain hours. They also knew of the napkin-throwing tradition and never thought it could be dangerous.
Upon arriving, they sat down at one of the tables in the back of the club. The restaurant was relatively crowded. Izquierdo had one drink and then went to the restroom. On the way back from the restroom she slipped and fell, breaking her leg in the process. After she was on the ground, she observed that the floor was wet and napkins were on her shoes. Her fiancé heard her scream, came running, and also observed the wet napkins on her shoes. While she did not know exactly how she slipped, she knew she slipped on something, and assumed that she slipped on the napkins. Her clothes were wet from being on the ground.
Izquierdo was in great pain and had to be carried out of the restaurant where she waited for an ambulance. She was transported to the hospital and had surgery the next day to repair her broken leg. She relied on a wheelchair for three months and continued to have pain and limitations afterward.
The manager of Giorgio's also testified, although he was not present at the time of the incident. He was well aware of the custom of throwing napkins in the air and agreed that leaving wet napkins on the floor was a hazardous condition. He admitted that no one cleans up the napkins until after closing, and in the meantime the napkins are simply pushed out of the way. In all the years the napkin-throwing tradition has existed, no one has ever fallen on them before Izquierdo's fall.
In closing argument, the defendant's attorney made two points regarding the restaurant's liability. First, he noted that Izquierdo did not know exactly how she fell. Second, he argued comparative negligence, noting that both Izquierdo and her fiancé knew about the napkin-throwing tradition and had visited the restaurant on many occasions.
The jury returned a verdict for the defendant, finding that there was no negligence on its part. The court entered final judgment, and Izquierdo moved for a new trial, claiming that the verdict was against the manifest weight of the evidence. The trial court denied the motion, and Izquierdo appeals, claiming that the court erred by denying her motion for new trial.
The appropriate standard of review applied to a trial court's denial of a motion for a new trial is whether the trial court abused its discretion. See Brown v. Estate of Stuckey, 749 So.2d 490 (Fla.1999). Brown articulates the test for determining whether the trial judge committed an abuse of discretion and provides that:
[A]n appellate court must recognize the broad discretionary authority of the trial judge and apply the reasonableness test *118 to determine whether the trial judge committed an abuse of discretion. If an appellate court determines that reasonable persons could differ as to the propriety of the action taken by the trial court, there can be no finding of an abuse of discretion.
Id. at 497-98. Furthermore, in Dewitt v. Maruhachi Ceramics of America, Inc., 770 So.2d 709, 711 (Fla. 5th DCA 2000), the Fifth District explained that:
The question for an appellate court is not whether or not the evidence was contrary to the manifest weight of the evidence presented below. Indeed that is the question addressed to the trial court on motion for a new trial. Rather, the appellate court is limited to considering whether or not the trial court abused its discretion in denying a new trial. In order for [the appellate court] to reach that conclusion, the evidence must be clear and obvious, and not conflicting. . . .
(citations and footnote omitted). See also K-Mart Corp. v. Collins, 707 So.2d 753, 755 (Fla. 2d DCA 1998) (recognizing that where there is conflicting evidence, the weight to be given that evidence is within the province of the jury).
Despite this deferential standard, "an appellate court should reverse a jury verdict when there is no rational basis in the evidence to support the verdict of the jury." Sifford v. Trans Air, Inc., 492 So.2d 407, 408 (Fla. 4th DCA 1986). "[W]here the testimony on the pivotal issues of fact is not contradicted or impeached in any respect, and no conflicting evidence is introduced, these statements of fact can not be wholly disregarded or arbitrarily rejected." Merrill Stevens Dry Dock Co. v. G J Invs. Corp., Inc., 506 So.2d 30, 32 (Fla. 3d DCA 1987).
We conclude that the trial court abused its discretion in denying the motion for new trial as the verdict finding no negligence on the part of the defendant is contrary to the undisputed evidence in the case. The testimony regarding negligence from both Izquierdo and her fiancé was not conflicting nor was it impeached. More importantly, the manager of the restaurant admitted that permitting the wet napkins to remain on the floor was a hazardous condition. Although the defendant argued in closing that Izquierdo did not know how she fell, the circumstantial evidence included her testimony that she slipped, went down on a wet floor, and found napkins on her shoes. The inference that the wet napkins on the floor caused her fall clearly was the only reasonable inference which could be drawn from the facts presented. The defendant offered no contrary interpretation consistent with the facts proved.
We are further persuaded that the evidence of the defendant's negligence was clear and obvious by a reading of section 768.0710(1), Florida Statutes (2004), which provides:
The person or entity in possession or control of business premises owes a duty of reasonable care to maintain the premises in a reasonably safe condition for the safety of business invitees on the premises, which includes reasonable efforts to keep the premises free from transitory foreign objects or substances that might foreseeably give rise to loss, injury, or damage.
This statute was enacted after Owens v. Publix Supermarkets, Inc., 802 So.2d 315, 331 (Fla.2001), in which our supreme court held "that the existence of a foreign substance on the floor of a business premises that causes a customer to fall and be injured is not a safe condition. . . ." Thus, both the supreme court and the legislature agree that a business owner owes a duty to *119 its invitees to make reasonable efforts to keep transitory foreign substances off the floor, which would include napkins. Failure to do so would be negligence.
Further, although Giorgio's claimed that the napkin-throwing was known by Izquierdo and the existence of napkins on the floor was obvious, this would merely discharge the landowner's duty to warn. It does not discharge the landowner's duty to maintain the premises in a reasonably safe condition. Thus, whether the danger was open and obvious is an issue of comparative negligence. See Fenster v. Publix Supermarkets, Inc., 785 So.2d 737, 739 (Fla. 4th DCA 2001) ("A plaintiff's knowledge of a dangerous condition does not negate a defendant's potential liability for negligently permitting the dangerous condition to exist; it simply raises the issue of comparative negligence and precludes summary judgment.").
We are also guided by our decision in Christiana v. White, 346 So.2d 1036 (Fla. 4th DCA 1977), which involved an intersectional automobile collision where the defendant made a left turn after the left turn arrow had turned red. The plaintiff traveling in the opposite direction swerved to miss the defendant but managed to run into a concrete box. The jury returned a verdict for the defendant. Our court reversed the denial of the motion for new trial, stating:
[T]his case was tried on comparative negligence. By its verdict for the defendant-appellee herein, the jury necessarily concluded that defendant was without negligence which was a legal cause of the accident and that plaintiff was 100 at fault.
The record in the instant cause clearly shows some negligence on the part of appellee. We find that this jury verdict was against the manifest weight of the evidence and that the trial judge abused his discretion in denying appellant's motion for a new trial.
Id. at 1037. Likewise, the record in the present case shows at least some negligence on the part of the defendant, even though a jury could find that Izquierdo was negligent herself. The jury's verdict finding no negligence on the defendant's part is contrary to the manifest weight of the evidence, and the trial court abused its discretion in denying the motion for new trial. We therefore reverse and remand for a new trial.
STEVENSON, C.J., and TAYLOR, J., concur.