PER CURIAM.
 

 The former husband has appealed, and the former wife has cross-appealed, numerous aspects of the amended final judgment dissolving their marriage. We affirm as to all but one of the issues raised. We reverse and remand as to that single issue: the distribution of the parties’ marital personal property, including jewelry, a piano, and art.
 

 Both parties are attorneys, and they prepared and signed their own handwritten premarital contract. The trial court ultimately upheld and enforced most of the terms of that agreement. In the case of personal property, the premarital contract provided:
 

 If the marriage fails, then the household' goods in the marital home shall be divided equally, with the exception of personal items which will remain the possession of the party who owns same. The household goods presently in [the former husband’s] home in Marathon, Florida belong to him. The household goods presently in [the former wife’s] apartment in Coconut Grove, Florida belong to her. If these goods are transferred from one place to another they shall remain, for purposes of this contract, the possession of their original owner.
 

 In paragraph 28 of the amended final judgment, however, the trial court made no findings that carried out this provision or recognized any stipulated resolution regarding the personal property. Instead, the trial court found that the former wife had scheduled entries for jewelry ($35,-000), a piano ($10,000), and art ($30,000), as marital assets, while the former husband had not listed these items, “indicating a lack of claim to or interest in these assets.” Apparently concluding that this represented a waiver by the former husband, the trial court awarded all these
 
 *31
 
 items to the former wife at the valuations shown on her financial affidavit.
 

 In a motion for reconsideration and rehearing following the entry of the initial judgment, the former husband objected to this ruling. He also requested an amendment to establish “a mechanism to divide the parties’ household furniture consistent with the terms of the parties’ premarital contract.” In her response to the motion, the former wife did not oppose the argument that these items of personal property should be divided, and she proposed a method of division. The trial court denied the motion for rehearing, however, noting that the issue had not been raised at trial and he would not consider it for the first time in a motion for rehearing.
 

 We are unaware of any rule that when one party lists a marital asset and the other party fails to list the same asset in his or her financial affidavit, this results in an automatic waiver of any claim by the party who failed to list the asset.
 
 [1]
 
 We therefore reverse and remand for further proceedings on this issue.
 

 Affirmed in part, reversed and remanded for further proceedings regarding the personal property.
 

 [1]
 

 . The former wife argues that such a principle was established in
 
 Leone v. Leone,
 
 577 So.2d 587, 589 (Fla. 3d DCA 1990). That case, however, considered a party’s attempt to raise an issue on appeal following a failure to raise the issue in any form or fashion in the trial court. In this case, the parties raised the allocation of personal property in their pleadings, and the former husband sought reconsideration regarding the personal property rulings challenged here.