STEVENSON, J.
 

 Richard Parisi appeals a final judgment entered pursuant to a jury verdict awarding Michael Miranda, individually, $784,000
 
 *817
 
 for the value of his shares of stock and awarding Island Shores Homes, Inc., derivatively, $950,000 for funds improperly removed from that corporation. We affirm the derivative award without discussion. However, we reverse the individual award as contrary to the manifest weight of the evidence and remand for a new trial as to individual damages.
 

 In October 2003, Parisi and Kevin Kelly formed Island Shores Homes, Inc., in order to enter the residential real estate and home construction industry in Florida. In early 2004, they hired Miranda, a licensed contractor, to oversee the construction and development of homes. Parisi, Kelly and Miranda each owned 500 of the corporation’s 1500 outstanding shares. In 2006, Miranda discovered missing funds while investigating the corporation’s financial resources. On August 25, 2006, Miranda filed a four-count complaint against Parisi and Kelly demanding a court order for records inspection, injunctive relief on behalf of himself and the coiqooration, damages for breach of contract, and damages for breach of fiduciary duty on behalf of the corporation. Mmanda was terminated on August 31, 2006.
 

 Kelly and Parisi counterclaimed raising counts for fraudulent inducement, breach of duty of good faith, conversion, tortious interference with business relationships, and tortious interference with contractual relationships. The case proceeded to a five-day trial in April of 2008, and the jury returned a verdict favorable to Miranda, specifically awarding him $784,000 as to count III, the individual claim for breach of contract, and $950,000 as to count IV, the derivative claim. The trial court entered judgment accordingly.
 

 Post-trial, Parisi and Kelly filed a motion entitled “Motion for Rehearing and/or in the Alternative J.N.O.V.,” wherein they also requested a new trial. The trial court denied the motion for rehearing portion and noted that because Parisi had not moved for a directed verdict below, he could not now seek a JNOV. We find that the trial court correctly denied the motion for rehearing and JNOV, but erred in denying the motion for new trial as to the $784,000 individual award. This court reviews the trial court’s denial of a motion for new trial for an abuse of discretion.
 
 Brown v. Estate of Stuckey,
 
 749 So.2d 490, 498 (Fla.1999). “Despite this deferential standard, ‘an appellate court should reverse a jury verdict when there is no rational basis in the evidence to support the verdict of the jury.’ ”
 
 Izquierdo v. Gyroscope, Inc.,
 
 946 So.2d 115, 118 (Fla. 4th DCA 2007) (quoting
 
 Sifford v. Trans Air, Inc.,
 
 492 So.2d 407, 408 (Fla. 4th DCA 1986)).
 

 In the instant case, the shareholders’ agreement provided that if a shareholder was terminated, the terminated shareholder was required to sell his shares to the corporation at a price determined by the market value of all of the corporation’s “tangible assets” plus “2 times net annual earnings” of the corporation. It was undisputed that Miranda was terminated on August 31, 2006. At trial, Miranda’s expert valued Miranda’s shares of stock as of December 31, 2006, because he used the 2006 tax return to plug numbers into the valuation formula. During deliberations, the jury asked what date it should'use to value Miranda’s shares. The trial court concluded that the shareholders’ agreement contemplated using the date of termination to value the shares and instructed the jury to use the August 31, 2006 termination date.
 
 See Barclays Am. Mortgage Corp. v. Bank of Cent. Fla.,
 
 629 So.2d 978, 979 (Fla. 5th DCA 1993) (noting the well-accepted principle that the trial court has the authority to interpret a contract that is not ambiguous.).
 

 
 *818
 
 Although we agree with the trial court that the shareholders’ agreement unambiguously contemplates valuation at the time of termination, the jury received no evidence regarding the value of the shares on August 31, 2006. Therefore, the jury’s verdict was contrary to the manifest weight of the evidence since the jury assigned a value to the shares identical to the December 31, 2006 value proffered by Miranda’s expert. Because Parisi did not move for a directed verdict at the close of the evidence, the proper remedy is a new trial on that issue.
 
 Compare Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Anderson,
 
 501 So.2d 635, 637 (Fla. 1st DCA 1986) (reversing and remanding for a new trial because trial court erred in entering a JNOV where defendant had at no point sought a directed verdict on any portion of the claim against him),
 
 with Morgan Stanley & Co. v. Coleman (Parent) Holdings Inc.,
 
 955 So.2d 1124, 1131 (Fla. 4th DCA) (holding that the trial court should have granted defendant’s motion for directed verdict, entering a final judgment in its favor as opposed to granting a new trial because plaintiff is not entitled to a second “bite at the apple” where it presented no proof at trial on the correct measure of damages),
 
 review denied,
 
 973 So.2d 1120 (Fla.2007),
 
 and Teca, Inc. v. WM-TAB, Inc.,
 
 726 So.2d 828, 830 (Fla. 4th DCA 1999) (remanding for entry of judgment for the defendants because there was no proof at trial of the correct measure of damages and defendant had timely moved for involuntary dismissal).
 
 [1]
 

 Because we must remand for a new trial based on the jury’s employment of an incorrect valuation date, we take this opportunity to highlight other troublesome areas in the initial trial. For example, the corporation’s 2006 tax return reflects a negative profit, revealing that the corporation had no net annual earnings for 2006, the year of Miranda’s termination. Miranda’s expert explained that he used a 10.31 percent profit in his calculation of the value of Miranda’s shares because, if Parisi and Kelly had not removed money from the corporation in 2006, the corporation would have recognized a profit. Parisi contemporaneously objected and raised this issue in his motion for new trial. We conclude that, despite the expert testimony, the jury returned a verdict contrary to the manifest weight of the evidence because the tax return revealed no actual net annual earnings, which is the figure called for in the formula. For purposes of retrial, we also note that, because the shareholders’ agreement contemplates the date of termination as the date of valuation, the 2006 net annual earnings should be prorated to the date of termination as well.
 

 Last, Miranda’s expert’s valuation necessarily included an analysis of the corporation’s tangible assets. The expert included cash, accounts receivable, an advance and an investment in his list of tangible assets. For purposes of retrial, this court finds no legal reason to preclude the expert’s inclusion of cash on hand and accounts receivable as “tangible assets.”
 
 See
 
 Carr
 
 v. Carr,
 
 522 So.2d 880, 885 (Fla. 1st DCA 1988) (finding error in the trial court’s exclusion of the tangible assets of husband’s medical practice, such as cash on hand, furniture and fixtures, and accounts receivable, from marital assets). Accounts receivables, of course, should be properly adjusted and discounted for risk and bad debt.
 
 See Staman v. Staman,
 
 622 So.2d 1147 (Fla. 1st DCA 1993);
 
 Spilled v.
 
 
 *819
 

 Spillert,
 
 564 So.2d 1146 (Fla. 1st DCA 1990). Miranda’s expert witness included in the accounts receivable category money owed to the corporation by Parisi and Kelly, as well as “Unreconciled Differences.” We find that “tangible assets” does not include money improperly removed from the corporation because Par-isi and Kelly never proffered a note evidencing a debt or indicating repayment. Thus, the jury’s verdict, which incorporated the erroneous tangible assets figure employed by Miranda’s expert, is contrary to the manifest weight of the evidence for this reason as well. Again, we note that the valuation formula contemplates tangible assets as of the date of termination.
 

 Accordingly, we reverse and remand for retrial of the valuation of Miranda’s shares of stock in accordance with this opinion. As to the remaining arguments on appeal, we are unpersuaded and affirm.
 

 Reversed and remanded.
 

 MAY and DAMOORGIAN, JJ., concur.
 

 [1]
 

 . In fact, Parisi never contested the date Miranda’s expert used for valuation during the evidentiary portion of the trial and, when the issue first came up during deliberations based on the jury’s inquiry, Parisi argued that the stock should be valued as of the date of trial.